WHITWORTH, Respondent, vs. BROWN and others, Appellants.

*May 8 — May 23, 1893.*

*Master and servant: Contract of employment: Ambiguity: Evidence.*

1. A written contract of employment for six months in a manufacturing business at a stated salary, providing that if the employers continued in the ·manufacturing business after the expiration of six months the employee should work twelve months more at a stated salary, is *held* to contain no ambiguity requiring or admitting explanation by extrinsic evidence.

2. In an action by the employee on the contract for salary for the time after the first six months, defendants claimed that they did not continue in the manufacturing business after that time. It appeared that during the six months, they were engaged in manufacturing four-horse eveners, and that plaintiff continued to work for them ten days after the expiration of the six months, during which time they were engaged in making three-horse eveners. Their testimony tended to show that they engaged in making the three-horse eveners as an experiment merely, and continued making them for that purpose alone while plaintiff worked for them after the six months. Plaintiff's testimony was to the effect that defendants manufactured the three-horse eveners in the same way and for the same purposes as they had theretofore manufactured the others. *Held,* that unless informed to the contrary plaintiff had the right to assume that they were continuing in the manufacturing business, and might recover accordingly.

APPEAL from the Circuit Court for *La Crosse* County.

The action is upon the following contract in writing, signed by the parties: "La Crosse, April 22d, 1889. Contract between *Brown & Boynton*, partners, of the first part, and *Joseph Whitworth*, party of the second part. (1) Party of the second part hereby agrees to work for party of the first part six months from April 22d, 1889, ten hours per day at blacksmith work, boarding himself meanwhile. (2) In consideration of the above, parties of the first part agree to pay said party of the second part sixty dollars per

month, payable on the first day of every month. (3) It is further agreed by both parties to this contract that if parties of the first part continue in the manufacturing business after the expiration of the above-mentioned six months, party of the second part is to work twelve months more at seventy-five dollars per month, payable monthly."

The complaint alleges that the plaintiff worked for defendants under the above contract until November 6, 1889, for which services defendants paid him; that defendants have continued in the manufacturing business ever since the contract was made, and plaintiff has been ready and willing, and has offered, to perform his part thereof; and that there is due him by the terms of the contract $300, which defendants refuse to pay him. The answer of defendants is that the contract expired by its terms October 22, 1889, and was then abandoned by the parties, and the defendants did not continue in the manufacturing business after that time.

At the conclusion of the testimony the court refused to instruct the jury to return a verdict for defendants. The jury found for the plaintiff, and assessed his damages at $300, which was the amount of damages agreed upon by the parties in case the plaintiff should recover. A motion by defendants for a new trial was denied, and judgment for plaintiff entered pursuant to the verdict. The case is further stated in the opinion. Defendants appeal from the judgment.

For the appellants there was a brief by *Winter, Esch & Winter*, and oral argument by *J. J. Esch.*

*C. L. Hood*, for the respondent.

LYON, C. J. There is no ambiguity in the terms of the contract between the parties. The defendants employed plaintiff unconditionally to work for them six months for $60 per month, and conditionally to work for them a year

longer at $75 per month, the condition being that defendants should continue in the manufacturing business after the expiration of six months,— that is, after October 22, 1889.

The plaintiff continued to work for defendants ten days after the expiration of the six months, and he testified on the trial that during such time the defendants continued in the manufacturing business. This testimony was controverted or attempted to be explained by testimony on the part of defendants tending to show that during the first six months of the contract they were engaged in the manufacture and sale of an implement known as a " four-horse evener," the manufacture of which turned out to be unprofitable, and thereupon at the termination of the six months they engaged in making, as an experiment merely, three-horse eveners, and continued making them for such purpose alone while plaintiff worked for them after the expiration of the six months. The testimony on behalf of the plaintiff is to the effect that the defendants were engaged in manufacturing the three-horse eveners in the same way and for the same purposes they had theretofore been engaged in manufacturing the others.

The learned circuit judge instructed the jury, in substance, that the right of plaintiff to recover depended upon his proving to their satisfaction that the defendants continued in the manufacturing business after the expiration of the first six months of the contract, and further that if, to the knowledge of plaintiff, they were merely experimenting to learn whether they had an implement worth manufacturing, that would not be a continuance in the manufacturing business within the meaning of the contract, and that in such case the plaintiff could not recover. The only criticism on this portion of the charge is the qualification that if defendants were merely thus experimenting, *to the knowledge of plaintiff,* he could not recover. We

think there is no force in this criticism. If defendants continued to manufacture eveners right along, no matter whether three or four horse eveners, the plaintiff had the right to assume that they were continuing in the manufacturing business, unless informed to the contrary. There are certain other criticisms upon portions of the charge not excepted to. These do not require notice.

There is testimony which, standing alone, is sufficient to support the verdict, and, although controverted, it was competent for the jury to believe it and predicate their verdict upon it. Having done so, the verdict cannot be disturbed, even though we might think the testimony preponderates against it. In this condition of the testimony it would have been error had the court directed a verdict for defendants.

Error is assigned upon certain rulings of the court sustaining objections to testimony offered by defendants. The avowed purpose of such testimony was to explain certain alleged ambiguities in the contract upon which the action is based. It has already been observed that there is no ambiguity in such contract; hence it admitted of no explanation. The testimony was properly excluded.

The record discloses no reversible error.

*By the Court.*— The judgment of the circuit court is affirmed.